UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOGAN LAKE,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED NATIONS HIGH<br>COMMISSIONER FOR HUMAN<br>RIGHTS et al,<br><br>　　　　Defendant. | CAUSE NO. 3:21-CV-253-RLM-MGG |

OPINION AND ORDER

Logan Lake, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Lake sues the United Nations High Commissioner for Human Rights for being loath in responding to his paperwork pertaining to alleged trade war crimes that violate U.C.C. International laws. ECF 1 at 3. He claims that the crimes have included abusive practices by almost every United States Court. *Id.* Mr. Lake has filed this suit because the United States District Court in the South Bend Division

lacks knowledge of the law to the extent it has allowed courts and the State of Indiana to abuse him by subjecting him to unsafe and hazardous risks after he challenged its jurisdiction. *Id*. He further alleges that this court has intentionally kept him confined in dangerous conditions during the Covid-19 pandemic, which he believes gives him the right to sue under the Ripeness Doctrine and Standing to Sue Doctrine. *Id*.

In seeking this court's relief, he further argues:

> With Plaintiff's personal information given to the United Nations High Commissioner for Human Rights that Plaintiff can only even possibly read such a holding of both a[] Non-Response and Non-Prerequisite of U.N. performance substantial question now forcefully presented particularly by implication that they are knowing[ly] trafficking in false or actual authentication features from Plaintiff for uses in such false identification documents security fraud. Which defines as Plaintiff's identity stolen and theft therein from taking place when the U.N. have knowingly transfer[ed], possesse[d] and/or use[d] without lawful authority by Plaintiff thereto the means within Plaintiff's identification with the intent to commit unlawful activity without his knowledge, have meet all the general standards thereto the Identity Theft and Assumption Deterrence Act of 1998, and violated the Social Security Act of 1935, and the Privacy Act of 1974.
>
> This has clearly violated the International Court of Justice principals judicial branch of the U.N. organizations Sovereign equality under U.N. Charter Article 2 uniformity analytical framework totality thereto fundamental freedoms proclaimed in the "extraterritorial jurisdiction" guardianship under the U.D.H.R. (1948) Articles that p[ertain] thereto the means of any act by which severe pain and suffering both physical and mental that have been intentionally inflicted by the State of Indiana and its Indiana State Prison Warehouse under a state of war before and after the notice to the U.N. thereof the aggravated and deliberate cruel, inhuman degrading treatment and punishment by Public Officials whom refuse to give practiced within its jurisdiction that may be invoked as a justification against constitutions, Bill of Rights and Sovereign rights, pursuant to Corpus Juris Secundum States §§ 36-37 and Aliens § 281. "PERIOD"

*Id*. at 4-5.

Mr. Lake can't proceed on his claim for several reasons. First, the United Nations has "absolute immunity under the U.N. Charter, the Convention on the Privileges and Immunities of the United Nations ("General Convention"), and the International Organizations Immunities Act ("IOIA")." Van Aggelen v. United Nations, 311 Fed.Appx. 407, 409 (2d Cir. 2009) (citing U.N. Charter art. 105, para. 1; General Convention, art. 2, § 2, Feb. 13, 1946, 21 U.S.T. 1418, 1422; International Organizations Immunities Act, 22 U.S.C. § 288a(b)). Mr. Lake's complaint doesn't allege that the United Nations has waived its immunity. Second, the United Nations High Commissioner for Human Rights is a "'diplomatic envoy[]" who [is] accorded "immunities . . . in accordance with international law.'" *Id*. (citing General Convention, art. 5, § 19 (according Secretary–General and all Assistant Secretaries–General privileges and immunities accorded to diplomatic envoys); G.A. Res. 48/141, ¶ 2(c), U.N. Doc. A/RES/48/141 (Dec. 20, 1993) (giving High Commissioner for Human Rights rank of Under–Secretary–General)). "Under the Vienna Convention on Diplomatic Relations, art. 31, Apr. 18, 1961, 23 U.S.T. 3227, to which the United States is a party, diplomatic envoys are granted full immunity subject to narrow exceptions." *Id*. Third, Mr. Lake hasn't identified any constitutional violation against the United Nations High Commissioner for Human Rights. Mr. Lake can't proceed on his claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts

have broad discretion to deny leave to amend where . . . the amendment would be futile." <u>Hukic v. Aurora Loan Servs.</u>, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, this is such a case.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on January 31, 2022

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT